# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

UNITED STATES OF AMERICA      MOVANT/DEFENDANT

v.      CRIMINAL ACTION NO. 1:09-CR-36-GNS

CHRISTOPHER YORK REEVES      RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

Movant Christopher York Reeves filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 122). This motion is before the Court for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

A review of the record reveals that by Order entered December 13, 2017, the Court revoked Movant's 36-month term of supervised release and ordered him committed to the custody of the Bureau of Prisons for a period of 21 months (DN 116). Thereafter, he filed a notice of appeal, which is still pending in the Sixth Circuit Court of Appeals (No. 17-6546).

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.*; *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,]

. . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

As Movant's appeal is timely and continuing, the Court concludes that Movant has failed to present any extraordinary circumstances in this case. Consequently, the Court will deny the § 2255 motion and dismiss the action without prejudice.

Before Movant may appeal this Court's decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

As the Court is satisfied that no jurists of reason would find its conclusion debatable, a COA will be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: May 3, 2018

cc: Movant/Defendant, *pro se*
 Counsel of Record
4416.009

Greg N. Stivers, Judge
United States District Court

2